*59
SUMMARY ORDER

Petitioner Yi Lin, a native and citizen of the People’s Republic of China, seeks review of a May 5, 2008 order of the BIA denying his motion to reopen. In re Yi Lin, No. A070 699 989 (B.I.A. May 5, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Muhasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin’s untimely and number-barred motion to reopen.
Lin argues that the BIA erred in finding that he failed to demonstrate changed country conditions or his prima facie eligibility for relief. However, contrary to Lin’s arguments, the BIA did not abuse its discretion in relying on its previous consideration of relevant country conditions evidence in evaluating his motion to reopen, see Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006), and did not err in finding that Lin’s evidence was insufficient to demonstrate material changed country conditions or a reasonable possibility of persecution, see Jian Hui Shao, 546 F.3d at 169-73 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that.while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Additionally, although the agency may err in rejecting a document solely based on the alien’s failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 404-405 (2d Cir.2005), it does not err where, as here, its decision to reject documentary evidence is based substantially on contrary evidence in the record and only mentions the fact that a document was not authenticated, see Qin Wen Zheng v. Gonzales, 500 F.3d 143, 148-49 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).